Richard Johnston – SBN 124524
131A Stony Circle, Suite 500
Santa Rosa, California 95401
Telephone (707) 939-5299
Facsimile (707) 837-9532
Richard.Johnston@Johnston-Law-Office.com

*Attorney for Plaintiff*
*Ralph F. Hints*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH F. HINTS,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS,<br><br>　　Defendant. | Case Number:<br><br>COMPLAINT |

Plaintiff Ralph F. Hints alleges:

**Jurisdiction and Venue**

　　1.  This action arises under the Employee Retirement Income Security Act of 1974, 29 USC § 1001 *et seq.* (ERISA) and more particularly 29 USC §§ 1132(a)(1)(B), 1132 (a)(3), and 1132(g). This court has jurisdiction in this matter under 29 USC § 1132(e) and 28 USC § 1367(a). At relevant times, the named defendant could be found in this district, and certain of defendant's obligations, which obligations defendant failed and refused to perform as herein alleged, were due within this district.

**Factual Background**

2. Mr. Hints, at relevant times, worked for American Pacific Mortgage Corporation (APMC). As a function of this employment, Mr. Hints was and is a qualified participant in and beneficiary of APMC's short-term disability income insurance plan for employees ("the Plan"). The Plan promised short-term disability (STD) benefits to eligible employees, including Mr. Hints; STD benefits were provided through a group disability insurance policy ("Policy") issued by defendant American Family Life Assurance Company of Columbus (AFLAC). The Plan was and is an employee benefit plan as defined by 29 USC § 1002(3).

3. The Policy provided benefits in case of partial or total disability. It also provided for a seven-day Elimination Period in case of disability from sickness, a "number of consecutive days at the beginning of your period of total disability for which no benefits are payable." After the Elimination Period, the Policy provided disability income benefits for twelve months "for any one or Successive Periods of Disability." The Policy also provided that it was guaranteed renewable until Mr. Hints achieved age 70, and that renewal would "never be refused or restricted because of any change in your health or physical condition."

4. The Policy provided a definition of "Successive Periods of Disability," that distinguished between periods of disability caused by the same or related conditions, and those caused by unrelated conditions. For periods of disability caused by the same or a related condition, the Policy provided that "separate periods of disability, if caused by the same or a related condition and not separated by 180 days or more, are considered a continuation of the prior disability." For periods of disability caused by unrelated conditions, the Policy provided that they are "considered a continuation of the prior disability unless they are separated by your returning to work at a Full-Time Job for 14 working days, during which you are performing the material and substantial duties of the job and are no longer qualified to receive disability benefits." Thus the Policy required that Successive Periods of Disability caused by unrelated conditions be separated by a return to the workplace for at least 14 days during which the claimant was unqualified to receive disability

benefits, while not requiring any return to work or disqualification to receive benefits during the 180-day separation between periods of disability caused by the same or related conditions.

5. In November 2017 Mr. Hints was placed on medical leave from work owing to debilitating symptoms precluding him from performing his occupational duties. In December 2017 he was diagnosed with Parkinson's disease with Lewy Body Dementia, and was advised by his physicians that he would never be able to work again.

6. In early 2018 Mr. Hints initiated a claim for disability benefits under the AFLAC Policy. AFLAC approved his claim and provided benefits for twelve months for a period of total disability.

7. On November 29, 2018, after payments had been exhausted for the twelve-month period for which AFLAC had approved Mr. Hints' claim, an AFLAC claims representative emailed Mr. Hints explaining that the AFLAC Policy "allows you to file for the same or related condition after 180 days which means if you still need to file for disability on of after July 1, 2019, you may do so."

8. Mr. Hints responded by email to the AFLAC claims representative the next day, November 30, 2018. He stated in pertinent part "That's very interesting news of the restart of benefits after July 2019. Would that still be available to me if I am no longer employed? . . . Given my diagnosis my doctors have said that I will never return to work."

9. On December 4, 2018, the AFLAC claims representative responded by email to Mr. Hints, stating "below is the reply we got from the claims supervisor. Yes, if you wait until after May 20, 2019 you can file for new benefits." The representative included the text of an email from the supervisor, stating "I have researched the policy and yes if he waits 180 days from the last date paid (11/28/2018) benefits would be payable after (5/20/2019). We would need the medical records with indication of permanent disability included with the Initial Disability Statements from the Employer & Physician."

10. Mr. Hints responded via email the same day, stating "This is good news as I expect the same or worsening condition down the road. Just to make sure I understand, even though I will not

be employed by APMC after 1/1/19 I can still re-qualify for benefits after 5/20/19." And the AFLAC representative responded with an email the same day stating "Yes, you can still requalify for benefits after May 20, 2019."

11. In January and February of 2019, Mr. Hints spoke with another AFLAC representative, who indicated that to maintain his coverage under the AFLAC Policy he would need to pay ongoing monthly premiums. In reliance on the assurances he had received from AFLAC that he would be eligible to apply for further disability benefits for successive periods, provided they were separated by 180-day interims, he agreed to pay, and has continued to pay, a monthly premium payment to AFLAC; AFLAC has received and retained each respective premium payment.

12. In May 2019, based on representations he had received from AFLAC, Mr. Hints applied for disability benefits for a successive period of disability, also caused by his Parkinson's/Lewy Body diagnosis.

13. On May 20, 2019, Mr. Hints received from AFLAC an email, conveying an adverse benefit determination stating his claim was denied because "The maximum benefit for the disability has already been paid."

14. With material input and assistance from an AFLAC representative, and under the terms of the Policy, on May 30, 2019 Mr. Hints submitted an internal administrative appeal to AFLAC, seeking to overturn the denial of his pending claim. He included copies of the various emails he had received from AFLAC assuring him of his entitlement to reapply for benefits for successive periods of disability, separated by 180-day interims, for the life of the Policy. His appeal stated in pertinent part:

> Please see attached email correspondence between Ralph Hints (Policy Holder) and a supervisor @ Aflac Anne Beyer. Policy holder was told he could file another claim "if he waits 180 days from the last date paid (11/22/18) benefits would be payable after (5/20/19)." (see highlighted areas.) We were also told the same thing on a call to head quarters and requested a letter that stated this information (call Ref # H14XD69) which we haven't received yet. Policy holders is very upset over the denials and it's causing him undue stress, which is completely understandable. We need this claim to be reviewed and <u>all</u> the notes and correspondence looked at closely, especially the communications between the supervisor and the policy holder.

(emphasis in original).

15. On June 5, 2019, Mr. Hints received an email from AFLAC conveying an adverse benefits determination on his internal administrative appeal. The adverse benefit determination stated in pertinent part "Based on a review of the file with Claims Management, it has been determined that we will allow Mr. Hints to file disability claims for one more 12 month benefit period. However, one more benefit period is all that will be allowed." Subsequent correspondence from AFLAC indicated that consideration of this unilaterally imposed "one and done" claim was underway, but AFLAC has thus far hewed to the position that only one 12-month successive period of disability claim will be allowed. Thus while AFLAC has committed to providing benefits for one, and only one, 12-month successive period of disability, it has pre-emptively denied benefits contrary to the terms of the Policy, and has even denied Mr. Hints the entitlement to submit a claim, with respect to any and all successive periods of disability to follow.

16. Mr. Hints has exhausted all administrative remedies under the Plan and the Policy, to no avail, inasmuch as AFLAC has persisted in its improper adverse benefit determination.

**First Cause of Action
Against AFLAC
To clarify rights to future benefits pursuant to 29 USC §1132(a)(1)(B)
and
attorney fees and costs pursuant to 29 USC §1132(g)**

17. Mr. Hints refers to each and every foregoing paragraph of this complaint and incorporates those paragraphs as though set forth in full in this cause of action.

18. As a direct and proximate result of the improper acts and/or omissions herein alleged, and in breach of the terms of the Plan and the Policy, AFLAC has conveyed an intention to improperly refuse to consider claims for benefits for any and all successive periods of disability save only the one, and only one, it has committed to consider.

19. As a direct and proximate result of the improper acts and/or omissions herein alleged, Mr. Hints has been compelled to incur reasonable attorney fees and other costs associated with the investigation of this claim and the prosecution of this action.

**Second Cause of Action
Against AFLAC
For appropriate equitable relief pursuant to 29 USC §1132(a)(3)
and
attorney fees and costs pursuant to 29 USC §1132(g)**

20. Mr. Hints refers to each and every foregoing paragraph of this complaint and incorporates those paragraphs as though set forth in full in this cause of action.

21. AFLAC knew the true facts of the matter about which it made representations to Mr. Hints, as it explained to him the provisions of its own insurance policy and their meaning and implications.

22. AFLAC made material representations to Mr. Hints about his STD benefit plan, namely that by paying monthly premiums he could maintain his coverage all the way to age 70, during which time he could continue to apply for benefits for successive 12-month periods of disability caused or related to his Parkinson's/Lewy Body diagnosis, so long as those successive periods of disability were separated by 180-day interims.

23. AFLAC intended that its conduct be acted upon by Mr. Hints, and so acted that Mr. Hints had a right to believe they were so intended.

24. Mr. Hints reasonably and detrimentally relied on AFLAC's material representations about his STD coverage, as he elected in reliance on those representations to continue to pay monthly premiums to AFLAC, which he would not do absent the entitlement to apply for benefits for successive periods of disability as described above.

WHEREFORE, Mr. Hints prays for judgment as follows:

AS TO THE FIRST CAUSE OF ACTION:

1. A judicial clarification of his right to future benefits under the terms of the Plan and the Policy;

2. An award of attorney fees and costs of suit as authorized by statute;

3. For such other and further relief as the court may deem proper.

AS TO THE SECOND CAUSE OF ACTION:

4. Appropriate equitable relief, including a judgment estopping AFLAC from denying to Mr. Hints the entitlement to submit claims for STD benefits under the Policy for successive periods of disability, as alleged herein, until the Policy expires by its terms when he achieves the age of 70 years.

5. An award of attorney fees and costs of suit as authorized by statute;

6. For such other and further relief as the court may deem proper.

Dated: June 26, 2019

                                                  s/Richard Johnston  
                                                  Richard Johnston  
                                                  *Attorney for Plaintiff*  
                                                  *Ralph L. Hints*