UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **RALPH F. HINTS**,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS**,<br><br>Defendant. | Case No. 4:19-cv-03764-YGR<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 18, 21 |

Plaintiff Ralph F. Hints brings this Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et. seq.* ("ERISA"), action against defendant American Family Life Assurance Company of Columbus ("AFLAC") based on a denial of benefits under a short-term disability plan beyond a twelve-month period. (Dkt. No. 1.) Specifically, Hints brings claims under two causes of action under ERISA, including: (1) Section 1132(a)(1)(B) for the recovery of benefits allegedly due to him under the plan; and (2) Section 1132(a)(3) for equitable relief as to these benefits. (*Id.*)

Now, before the Court are the parties' cross-motions for judgment on the pleadings. Specifically, Hints avers that he is entitled to benefits under the plan (Dkt. No. 18); AFLAC opposes this motion and further cross-moves for judgment on the pleadings, asserting that the plan does not allow Hints to recover. (Dkt. No. 21.)

Having carefully reviewed the record, the papers submitted on each motion, the parties' oral arguments at the hearing held on January 21, 2020, and for the reasons set forth more fully below, the Court **HEREBY ORDERS** as follows: (1) Hints' motion for judgment on the pleadings is **DENIED**; and (2) AFLAC's motion for judgment on the pleadings is **GRANTED**.

**I.    RELEVANT BACKGROUND**

The Court summarizes the undisputed and relevant facts and allegations in the record. The Court notes that no material facts or allegations are disputed by the parties. Instead, the crux of

this matter turns on the contractual language of the plan itself.[1]  Thus:

Hints obtained an ERISA governed disability policy entitled Short Term Disability Policy and numbered P0C6E5M7, issued by AFLAC and made through his employer, American Pacific Mortgage Corporation ("APMC").  The policy at issue is a short-term disability policy.  (*See* Dkt. No. 21-1 at 5 ("Product: Short Term Disability Policy."), 9 ("Ralph F. Hints," "Short Term Disability Policy," "You're Protected."), 11 (**"IMPORTANT: This policy pays benefits for short-term disability caused by Sickness or Off-the-job Injury. Read it carefully with the Outline of Coverage, if applicable."** (emphasis in original)).)

Two definitions as provided in the policy are relevant to the Order: the "Benefit Period", and the "Successive Periods of Disability."  The policy defines "Benefit Period" as:

> the maximum number of days after the Elimination Period, if any, for which you can be paid benefits for any one or Successive Periods of Disability. Each new Benefit Period is subject to a new Elimination Period. See the Policy Schedule for the Benefit Period you selected. For the purposes of this calculation, a 'month' is defined as 30 days for which benefits are paid. See definition of Successive Periods of Disability.

(*Id*. at 13.)  The definition of "Benefit Period" refers to the policy schedule for the benefit period selected.  (*Id.*)  The "Benefit Period" under the policy is only 12 months.  (*Id.* at 12.)

The policy defines "Successive Periods of Disability" as:
> separate periods of disability, if caused by the same or a related condition and not separated by 180 days or more, are considered a continuation of the prior disability. Separate periods of disability resulting from unrelated causes are considered a continuation of the prior disability unless they are separated by your returning to work at a Full-Time Job for 14 working days, during which you are performing the material and substantial duties of this job and are no longer qualified to receive disability benefits.

(*Id*. at 14.)  The policy also provides that **"[b]enefits will be paid for only one disability at a time even if the disability is caused by more than one Sickness, more than one Injury, or a Sickness and an Injury."** (*Id*. at 15 (emphasis in original).)

---

[1] AFLAC requests that the Court take judicial notice of the insurance policy issued to Hints.  (*See* Dkt. No. 21-1.)  The Court **GRANTS** this request for judicial notice.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[A] court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment.").

2

1    Hints is permanently disabled and has been since November 2017.  (Dkt. No. 1 (Compl.)
2    ¶ 5.)  In December 2017, Hints was advised by his physicians that he would never be able to work
3    again due to Parkinson's disease with Lewy Body Dementia.  (*Id.*)  On November 30, 2018, Hints
4    wrote in an email, in part: "Given my diagnosis my doctors have said that I will never return to
5    work." (*Id.* ¶ 8.)

6    Based on this disability, Hints submitted a claim for benefits under the policy in early
7    2018.  (*Id.* ¶ 6.)  AFLAC approved this claim and provided benefits under the policy for twelve
8    months for a period of total disability.  (*Id.*)  Hints alleges that an AFLAC representative advised
9    him that he could qualify for another one-year benefit period if he waited 180 days and was totally
10   disabled at the end of that 180- day period. (*Id.* ¶¶ 7-10.)  Hints further alleges that an AFLAC
11   representative advised him that he would need to maintain coverage, and would need to pay
12   ongoing monthly premiums to qualify for further disability benefits, to which he agreed and paid.
13   (*Id.* at ¶ 11.)

14   Based on these representations, he submitted a claim under the policy for another one-year
15   of benefits based on his total disability caused by the same disability, Parkinson's disease with
16   Lewy Body Dementia.  (*Id*. ¶ 12.)  According to the complaint, this claim was denied because
17   "[t]he maximum benefit for the disability has already been paid." (*Id*. ¶ 13.)  During the appeal of
18   this decision, AFLAC offered as a courtesy one more benefit period but made it clear that Hints
19   already had received one-year of benefits that he was entitled to under the policy.  (*Id*. ¶ 15.)

20   The parties otherwise agree that Hints has exhausted his administrative remedies with
21   AFLAC, and that the matter is properly before the Court.

22   **II.   LEGAL STANDARD**

23       **A.   Motion for Judgment on the Pleadings**

24   "After the pleadings are closed—but early enough not to delay trial—a party may move for
25   judgment on the pleadings." Fed. R. Civ. P. 12(c).  Under Rule 12(c) of the Federal Rules of
26   Civil Procedure, judgment on the pleadings may be granted when, accepting as true all material
27   allegations contained in the nonmoving party's pleadings, there are no issues of material fact and
28   the moving party is entitled to judgment as a matter of law.  *See Gen. Conference Corp. of*

1   *Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th
2   Cir. 1989); *Munoz v. Fin. Freedom Senior Funding Corp.*, 567 F.Supp.2d 1156, 1158 (C.D. Cal.
3   2008); Fed. R. Civ. P. 12(c).  In other words, granting a judgment on the pleadings is proper when,
4   "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a
5   matter of law."  *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quoting
6   *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)).  The applicable standard is
7   "functionally identical" to a motion to dismiss for failure to allege facts sufficient to state a claim
8   under Rule 12(b)(6).  *Id.*  Thus, although the Court must accept well-pleaded facts as true, it is not
9   required to accept mere conclusory allegations or conclusions of law.  *See Ashcroft v. Iqbal*, 556
10  U.S. 662, 678-79 (2009) ("[T]he tenet that a court must accept as true all of the allegations
11  contained in a complaint is inapplicable to legal conclusions.") (citing *Bell Atlantic Corp. v.
12  Twombly*, 550 U.S. 544, 555 (2007)).
13      In ruling on a motion for judgment on the pleadings, the Court may consider documents
14  incorporated by reference in the pleadings and "may properly look beyond the complaint to
15  matters of public record" that are judicially noticeable.  *Mack v. South Bay Beer Distrib., Inc.*, 798
16  F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n
17  v. Solimino*, 501 U.S. 104 (1991); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.
18  1987).  The Court "need not . . . accept as true allegations that contradict matters properly subject
19  to judicial notice or by exhibit" attached to the complaint.  *Sprewell v. Golden State Warriors*, 266
20  F.3d 979, 988 (9th Cir. 2001) (citation omitted).
21      **B.    ERISA Policy Interpretation**
22      Employers are not required to provide employee welfare benefits and are free to provide as
23  many or as few benefits as they wish.  *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724,
24  732 (1985).  Once an ERISA plan is established, fiduciaries like AFLAC must distribute plan
25  benefits in accordance with the plan's written terms.  *Heimeshoff v. Hartford Life & Accident Ins.
26  Co.*, 571 U.S. 99, 108; 134 S. Ct. 604, 612 (2013) ("The plan, in short, is at the center of ERISA. .
27  . . Employers have large leeway to design disability and other welfare plans as they see fit. . . .
28  And once a plan is established, the administrator's duty is to see that the plan is maintained

4

pursuant to that written instrument." (internal citations omitted)).

Federal law governs the interpretation of ERISA insurance policies. *Deegan v. Cont'l Cas. Co.*, 167 F.3d 502, 507 (9th Cir. 1999) (citing *Babikian v. Paul Revere Life Ins. Co.*, 63 F.3d 837, 840 (9th Cir.1995)). A federal court may also examine state law to guide its decision-making process if state law is consistent with the goals and objectives of ERISA. *Deegan*, 167 F.3d at 507 (citing *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1502 (9th Cir.1985)).

Only where a term is subject to two reasonable competing definitions after the application of these rules of interpretation will the Court apply the contra proferentem doctrine and interpret that term against the insurer. *See id*. (citing *Babikian*, 63 F.3d at 840). *See also Lang v. Long-Term Disability Plan of Sponsor Applied Remote Tech., Inc.*, 125 F.3d 794, 799 (9th Cir. 1997) (Doctrine of contra proferentem "requires [a court] to adopt the reasonable interpretation advanced by [the plaintiff.]"); *Sony Computer Entm't Am. Inc. v. Am. Home Assur. Co.*, 532 F.3d 1007, 1012 (9th Cir.2008).

When a dispute arises, "courts should first look to explicit language of the agreement to determine, if possible, the clear intent of the parties." *Gilliam v. Nevada Power Co.*, 488 F.3d 1189, 1194 (9th Cir. 2007); *Black v. Greater Bay Bancorp Exec. Supplemental Comp. Benefits Plan*, Case No. 16-cv-00486-EDL, 2018 WL 1989494, at *6 (N.D. Cal. Jan. 23, 2018). A court cannot rewrite the contract – a court must enforce the explicit language of the contract. *See Gilliam*, 488 F.3d at 1195 ("And it is a familiar principle of contract law that unless a contract is voidable, we 'must enforce it as drafted by the parties . . . .'"); *Black*, 2018 WL 1989494, at *6.

The terms in an ERISA plan should be interpreted "in an ordinary and popular sense as would a person of average intelligence and experience." *Gilliam*, 488 F.3d at 1194; *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 628 (9th Cir. 2008) (same). "The best evidence of the parties' intent is the plain language of the policy." *Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 950 (9th Cir. 2002).

The absence of a definition of a word or phrase in an insurance policy does not by itself necessarily create an ambiguity. *See Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co.*, 5 Cal.4th 854, 867 (1993) ("[A]n insurance policy provision is ambiguous when it is capable

5

1   of two or more constructions both of which are reasonable. Courts will not adopt a strained or
2   absurd interpretation in order to create an ambiguity where none exists."). The Court will not
3   "artificially create ambiguity where none exists. If a reasonable interpretation favors the insurer
4   and any other interpretation would be strained, no compulsion exists to torture or twist the
5   language of the policy." *Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1441 (9th Cir. 1990) (citing
6   *Babikian*, 63 F.3d at 840) (internal quotation marks and citation omitted).

7   "'The intended meaning of even the most explicit language can, of course, only be
8   understood in the light of the context that gave rise to its inclusion.'" *Gilliam*, 488 F.3d at 1194;
9   *Meakin v. California Field Ironworkers Pension*, Case No. 5:16-cv-07195-EJD, 2018 WL 405009,
10  at *5 (N.D. Cal. Jan. 12, 2018); *Schwartz v. Associated Employers Grp. Benefit Plan*, CV 17-142-
11  BLG-SPW, 2018 WL 453436, at *3 (N.D. Cal. Jan. 17, 2018) (citing *Gilliam*, 488 F.3d at
12  1194; Restatement (Second) of Contracts § 202(1) ("Words and other conduct are interpreted in
13  the light of all the circumstances, and if the principle purpose of the parties is ascertainable it is
14  given great weight.")). A court must look to the common understanding of the language, with an
15  eye to reasonableness and context. *See Bay Cities Paving*, 5 Cal.4th at 867 ("Language in a
16  contract must be construed in the context of that instrument as a whole, and in the circumstances
17  of that case, and cannot be found to be ambiguous in the abstract. There cannot be an ambiguity
18  per se, i.e., an ambiguity unrelated to an application.").

19  A court must "endeavor to interpret each provision consistent with the entire document
20  such that no provision is rendered nugatory." *Gilliam*, 488 F.3d at 1194; *Richardson v. Pension
21  Plan of Bethlehem Steel Corp.*, 112 F.3d 982, 985 (1997) (same). "[A]n interpretation which
22  gives a reasonable meaning to all parts of a contract will be preferred to one which leaves a
23  portion of it inoperative or superfluous." *Valentine v. Am. Gen. Life Ins. Co. of Delaware*, Case
24  No. CV 17-1194 FMO (RAOx), 2018 WL 6329772, at *4 (C.D. Cal. Nov. 21, 2018) (quoting
25  *Logan v. Union Sec. Ins. Co.*, No. CV 14–1174 DMG(Ex), 2015 WL 3745047, at *11 (C.D. Cal.
26  Mar. 31, 2015)). Contract provisions "should not be construed as conflicting unless no other
27  reasonable interpretation is possible." *Id.* (quoting *Logan*, 2015 WL 3745047 at *11 ("a contract
28  should be interpreted as a whole" and in such a way that is "internally consistent"); *Rowell v.*

United States District Court
Northern District of California

*Aviza Tech. Health & Welfare Plan*, No. C 10–5656 PSG, 2012 WL 1672497, *12 (N.D. Cal. 2012) (a plan provision must be interpreted in "the context of the entire document").

## III. ANALYSIS

Based on the foregoing standards, the Court concludes that the policy – with respect to Hints' situation – is unambiguous, and thus, concludes that AFLAC's motion is well-taken. It is undisputed by the parties that Hints has had one continuous and permanent disability due to Parkinson's and Lewy Body Dementia since he stopped working in November 2017. The express language of the policy, interpreted in its ordinary and popular sense and in the context of the short-term disability coverage and the short-term disability policy as a whole, establishes that Hints is entitled to only one 12-month benefit period for one continuous period of "Total Disability." The parties do not disagree that Hints has, in fact, received 12 months of benefits payments. The Court concludes that Hints has had one period of disability, so he is entitled to one benefit period, for which he has already received benefits.

Hints' arguments to the contrary do not persuade. Hints argues that, under the "Successive Periods of Disability" clause in the policy, he is entitled to a new benefit period based solely on the passage of 180 days without any consideration of his disability status. In other words, all he has to do is wait 180 days, receive 12 months of benefits, wait another 180 days and receive another 12 months ad infinitum until his 70th birthday. Such an interpretation strains the policy language, and ignores the crucial purpose of the policy itself. Indeed, the policy itself is replete with language affirming throughout that it is a *short-term* disability policy. Significantly, this interpretation would otherwise convert the short-term disability coverage into long-term coverage and ignore the definition of "Benefit Period," which provides that Hints is entitled to one benefit period of 12 months "for any one or Successive Periods of Disability." (Dkt. No. 21-1 at 13.)

Moreover, even assuming that the "Successive Periods of Disability" provision applies, Hints' arguments that he otherwise satisfies it do not persuade. As discussed, this definition states that "separate periods of disability, if caused by the same or a related condition and not separated by 180 days or more, are considered a continuation of the prior disability." (Dkt. No. 21-1 at 14.) Hints cannot show that he has had a successive period of disability because he has been

7

continuously, and permanently disabled since November 2017. (Dkt. No. 1 ¶¶ 5, 8.) Hints' arguments to the contrary notwithstanding, separate periods of disability must be separated by 180 days; it is not enough that 180 days have elapsed during when the underlying disability continues. *See Taylor v. Unum Provident Corp.*, Civil Case No. 05-40014, 2007 WL 1016987, at *4 (E.D. Mich. Mar. 30, 2007) ("The ordinary meaning of the passage is the interpretation proposed by Defendant: that 'successive periods' means two separate periods of disability following one another in succession."). Thus: there are no circumstances in which Hints can be considered to have separate periods of disability sufficient to satisfy the "successive periods" clause because he has not had "successive periods" of disability where he has, as alleged, remained continuously and permanently disabled since 2017.

Although Hints avers that the language of the policy with respect to "successive periods" is ambiguous, the Court must interpret the terms of the policy as they apply to this matter – there cannot be an ambiguity per se, *i.e.* an ambiguity unrelated to an application. *See Bay Cities Paving*, 5 Cal.4th at 867; *Bob Lewis Volkswagen v. Universal Underwriters Grp.*, 571 F. Supp. 2d 1148, 1153 (N.D. Cal. 2008) ("Language in a contract must be construed in the context of the instrument as a whole, and in the circumstances of that case, and cannot be found in the abstract." (internal alterations omitted)). Thus, the terms of the policy must be applied to the allegations and facts of the matter. In light of the undisputed allegations – specifically that Hints has had one continuous period of disability – the Court concludes that there is no ambiguity as applied.[2]

Indeed, the two cases cited by Hints further illustrate why Hints' interpretation – based on the undisputed facts and allegations here – fail as a matter of law. In *Etter v. Am. Fam. Life Ins.*

---

[2] To the extent that Hints requests that the Court consider communications between him and AFLAC's representatives evidencing support for ambiguity in the policy, such a request is inappropriate where the Court has found that the policy and the language is unambiguous as to the circumstances of this matter. *See Cellular Inv. Co. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 937 (9th Cir. 2002) ("*Where uncertainty arises concerning a provision of an agreement*, a trial court may ask how the parties themselves understood the language; when the parties have acted upon that understanding before the dispute arose, a finding that the agreement should be construed as acted upon will not be disturbed by the reviewing tribunal." (emphasis supplied)). Hints otherwise provides no authority where such evidence can be considered where a court has determined that the policy language is unambiguous.

*Co.*, No. E-08-051, 2009 WL 641342 (Ohio Ct. App. Mar. 13, 2009), the Ohio state court noted that where the insured had one chronic disease, but had returned to work – albeit with a reduced schedule – in between disability periods, there was ambiguity in the policy itself as to whether the insured was entitled to a second benefits period. *Id.* at *3-4. In *McDonald v. Am. Fam. Life Ins. Co. of Columbus*, 70 So.3d 1086 (La. Ct. App. 2011), the Louisiana state court distinguished the *Etter* decision by highlighting that *Etter* was factually inapposite, where the plaintiff in *McDonald* suffered one continuous period of disability as a result of a car accident. *Id.* at 1087-88, 1092-93. The Louisiana state court stated:

> We note that such an interpretation would be unreasonable or strained, so as to either enlarge the provisions beyond what was reasonably contemplated by the terms of the policy or to achieve an absurd conclusion. . . . . [The insured] purchased a short-term disability insurance policy. By reading the policy as [the insured] would prefer, the policy would be transformed into a long-term disability policy, as it would continue to provide benefits for [the insured] in twelve-month increments with no time limitation, as long as he waited 180 days between filing claims. Clearly, that was not the intention of the parties[.]

*Id.* at 1093 (internal citations omitted). This case is more factually analogous to *McDonald* than *Etter*, where it is undisputed that Hints has suffered one continuous period of disability since 2017. These same reasons articulated above by the *McDonald* court apply with equal force in this matter, and only serve to reinforce the Court's determination that the language is not ambiguous as applied to Hints' factual and alleged circumstances.

Accordingly, the Court **DENIES** Hints' motion for judgment on the pleadings, and **GRANTS** AFLAC's motion for judgment on the pleadings.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Hints' motion for judgment on the pleadings and **GRANTS** AFLAC's motion for judgment on the pleadings.

This Order terminates Docket Numbers 18 and 21.

**IT IS SO ORDERED.**

Dated: May 15, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**