Richard Johnston – SBN 124524
131A Stony Circle, Suite 500
Santa Rosa, California 95401
Telephone (707) 939-5299
Richard.Johnston@Johnston-Law-Office.com

*Attorney for Plaintiff*
*Ralph F. Hints*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH F. HINTS,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS,<br><br>    Defendant. | Case Number: 4:19-cv-03764-YGR<br>ORDER GRANTING<br>STUPILATED REQUEST FOR ENTRY OF JUDGMENT [Fed.R.Civ.P. 41(a)(2)]; [PROPOSED] JUDGMENT |

Plaintiff Ralph F. Hints states the following:

1. Hints' complaint (June 27, 2019) (ECF no. 1) includes two claims for relief. The first claim seeks a judicial declaration of rights to future benefits under a disability insurance policy issued by defendant American Family Life Assurance Company of Columbus (AFLAC), invoking 29 USC § 1132(a)(1)(B). The second claim seeks equitable relief against AFLAC under a theory of estoppel, based on representations by AFLAC personnel, invoking 29 USC § 1132(a)(3).

2. On May 15, 2020, the Court granted judgment on the pleadings in AFLAC's favor as to the first claim for relief. Order Denying Plaintiff's Motion for Judgment on The Pleadings and Granting Defendant's Motion for Judgment on the Pleadings (May 15 Order) (May 15, 2020) (ECF no. 26). In so

doing, the Court determined that "the policy—with respect to Hints' situation—is unambiguous, and thus, concludes that AFLAC's motion is well-taken." *Id.* at 7:4–5.

3. Under current Ninth Circuit law, an estoppel claim under § 1132(a)(3) requires as an essential element that "the provisions of the plan at issue were ambiguous such that reasonable persons could disagree as to their meaning or effect." *Gabriel v. Alaska Elec. Pension Fund,* 773 F.3d 945, 957 (9th Cir. 2014).

4. Based on the Court's finding of non-ambiguity in connection with the May 15 Order, Hints therefore concedes that the second claim for relief for estoppel under § 1132(a)(3) cannot succeed and is without merit under Ninth Circuit law. Hints therefore specifically stipulates that the second claim for relief may be further asserted following an eventual Ninth Circuit mandate if and only if, in addition to all other applicable substantive and procedural prerequisites, this Court's ruling that the insurance policy in question is unambiguous is reversed or otherwise vacated by the Ninth Circuit.

5. Hints wishes to seek appellate review of the Court's ruling that the insurance policy in question is unambiguous, and, in order to promote efficiency and facilitate appellate review, wishes to promptly secure a final and appealable order disposing of the action as a whole. Appellate jurisdiction, however, depends on a showing that the judgment is the product not merely of a stipulation but of the "approval and meaningful participation of the district court." *Galaza v. Wolf,* 954 F.3d 1267, 1272 (9th Cir. 2020).

## Stipulation

6. On July 20, 2020, the Court advised the parties via email from chambers that it is "willing to enter a stipulated dismissal under Rule 41." Therefore the parties submit the stipulation below, respectfully inviting the Court's critical consideration of the posited basis for entering judgment at this time and the Court's meaningful participation in the associated processes.

7. In view of the foregoing, the parties therefore jointly request that the Court, after due deliberation and analysis, enter final judgment under Fed.R.Civ.P. 41(a)(2) in the form proposed below.

Respectfully submitted on behalf of the parties by the undersigned counsel.

DATED: July 23, 2020                    Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
                                        By: /s/ *Sean P. Nalty*
                                        SEAN P. NALTY
                                        *Attorneys for Defendant*
                                        *American Family Life Assurance Company of Columbus*

DATED: July 23, 2020                    Johnston Law Office
                                        By: /s/ *Richard Johnston*
                                        Richard Johnston
                                        *Attorney for Plaintiff*
                                        *Ralph F. Hints*

### [PROPOSED] FINAL JUDGMENT

The Court, having considered the parties' request for entry of judgment under Fed.R.Civ.P. 41(a)(2), and having conducted due deliberation and analysis, certifies that it has meaningfully participated in the process of securing entry of a final and appealable judgment, and approves the parties' request.

Now, therefore, the Court orders that plaintiff Ralph F. Hints recover nothing as against defendant American Family Life Assurance Company of Columbus, that the entire action be dismissed on the merits, and that final judgment to that effect be, and is hereby, entered.

**IT IS SO ORDERED.**

Dated: _____July 27__, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**